Judgment rendered January 13, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,709-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                     Appellee

versus

DARELL BELL                            Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 347114

Honorable Craig Owen Marcotte, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Annette Fuller Roach

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

WILLIAM JACOB EDWARDS
ALEX L. PORUBSKY
Assistant District Attorneys

* * * * *

Before STONE, COX, and BODDIE (Pro Tempore), JJ.

**STONE, J.**

This criminal appeal arises from the First Judicial District Court, Caddo Parish, the Honorable Craig Marcotte presiding. Darell Bell pled guilty to a responsive charge of manslaughter and was sentenced to serve 40 years at hard labor. Bell now appeals his conviction and sentence. Bell's counsel has filed a motion to withdraw, along with an *Anders* brief,[1] asserting there are no nonfrivolous issues upon which to base an appeal.

For the following reasons, appellate counsel's motion to withdraw is granted, and Bell's conviction and sentence are affirmed.

## FACTS/PROCEDURAL HISTORY

Bell was indicted by a grand jury for the second-degree murder of Kendarrius Henderson, committed on February 8, 2017, in violation of La. R.S. 14:30.1. On September 9, 2019, Bell appeared before the trial court and accepted the state's plea offer, as follows. The state would allow Bell to plead guilty to the responsive charge of manslaughter, in violation of La. R.S. 14:31(A)(1). Additionally, the state agreed to not charge Bell as a habitual offender. The state agreed to a sentencing range of 10 to 40 years at hard labor. Furthermore, a pre-sentence investigation ("PSI") report would be compiled, and a sentencing hearing would be held to allow for witness testimony.

Bell accepted the state's plea offer. The trial court advised Bell that by pleading guilty, he would waive his right to a jury trial, his right to remain silent, his right to confront and cross-examine witnesses, and his right to appeal. Bell acknowledged that he had discussed the charge and

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

plea deal with his attorney. Bell also confirmed that he understood the charges, the agreed-upon sentencing range, and the rights that he would waive by pleading guilty. Bell admitted that he was voluntarily pleading guilty because he shot and killed Kendarrius Henderson and that he was not coerced.

The state provided the following factual basis for the guilty plea. Bell discharged a firearm into a stationary motor vehicle, located at 248 N. Emerald Loop, in Shreveport, striking Kendarrius Henderson in the head and thereby causing his death. Bell confirmed that these facts were accurate. The prosecution stated that Bell's actions would have constituted second degree murder, except that it was committed in the heat of passion, which constitutes manslaughter, in violation of La. R.S. 14:31(A)(2).

The trial court found that the guilty plea was freely and voluntarily made, ordered a PSI report, and set the matter for a sentencing hearing.

Following testimony at the sentencing hearing, the trial court noted that the state's pre-sentence memorandum, the defendant's statement on sentencing, and the PSI report had all been reviewed. Referencing the PSI, the trial court noted Bell's statement of remorse and apology, and that Bell took responsibility for his actions. The trial court also noted that Bell placed multiple victims besides Henderson in mortal danger, and that a second person was shot.

After reviewing the sentencing guidelines in La. C. Cr. P. art. 894.1, the trial court found the following aggravating factors: Bell used actual violence in the commission of the offense, and Bell discharged a firearm into a car, causing two victims to suffer gunshot wounds and one died. The trial court found that any lesser sentence than the one that would be imposed

2

would deprecate the seriousness of the offense. The trial court did consider that Bell took responsibility for his actions.

The trial court concluded that the appropriate sentence, in light of the circumstances of the case, was 40 years at hard labor, with credit for time served. The trial court advised Bell that he had two years from the date on which his conviction and sentence became final to seek post-conviction relief.

On January 21, 2020, Bell filed a motion to reconsider sentence. The motion was denied on January 29, 2020.

Bell's assigned attorney from the Louisiana Appellate Project filed a brief in compliance with *Anders v. California*, *supra*; *State v. Jyles,* 96-2669 (La. 12/12/97), 704 So. 2d 241, 242; *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176; and *State v. Benjamin*, 573 So. 2d 528 (La. App. 4th Cir. 1990). The brief provided an accurate procedural history of the case, the terms of the plea agreement, the guilty plea colloquy, and the factual basis for the plea. Counsel found no errors with the guilty plea colloquy and noted that the sentence imposed was in conformity with the plea agreement. Counsel noted that, pursuant to his plea agreement and guilty plea, Bell waived his right to appeal his conviction and sentence without reservation of his rights. After reviewing the record lodged on appeal, counsel found no errors patent and no issues preserved for appeal. Furthermore, counsel found no errors that warranted setting aside the guilty plea and no non-frivolous errors that would be subject to appellate review.

In light of the foregoing, counsel also filed a motion to withdraw. In light of the *Anders* brief, the state declined to file a brief.

3

**DISCUSSION**

Review of the record revealed no non-frivolous errors regarding the guilty plea or the imposed sentence, which was statutorily valid and imposed in conformity with the plea agreement. The record shows that Bell's plea of guilty waived all nonjurisdictional defects in the proceedings prior to the plea. *State v. McGarr*, 52,641, 52,642 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1189; *State v. Stephan*, 38,612 (La. App. 2 Cir. 8/18/04), 880 So. 2d 201. Furthermore, under La. C. Cr. P. art. 881.2, Bell is barred from seeking appellate review of his sentence as it was imposed in conformity with a plea agreement which was set forth in the record at the time of his plea. The guilty plea colloquy was valid under *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969),

The record has also been reviewed for errors patent and none were found.

**CONCLUSION**

For the foregoing reasons, the motion to withdraw is granted, and Bell's conviction and sentence are affirmed.

**MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.**